

U S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

**DEC 21 1999**

ROBERT H SHEMWELL CLERK
BY_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **JOEL A. MORVANT, SR.,** | * | **CIVIL ACTION NO.: CV99-1427** |
| **MONICA MORVANT,** | | |
| **JOEL A. MORVANT, JR., AND** | * | **SECTION L-O** |
| **RIDGE M. MORVANT** | | |
| | * | |
| **VERSUS** | | |
| | * | |
| **L&L SANDBLASTING, INC. and** | | |
| **CXY ENERGY INC.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT STATUS REPORT**

A joint meeting of counsel was held on December 7, 1999 by telephone.  The following

counsel and/or unrepresented parties participated:

| **NAME** | **PARTY REPRESENTED** |
|---|---|
| Bruce R. Hoefer, Jr. | CXY Energy Inc. |
| Kenneth W. Jacques | Joel A. Morvant, Sr., Monica Morvant, Joel A. Morvant, Jr., and Ridge M. Morvant |
| Robert S. Hinyub, Jr. | L & L Sandblasting, Inc. |

1.  The parties have exchanged the required witness and document lists as ordered by the

    Scheduling Order.

2.  No Magistrate conference is required at this time.

3.  Jurisdiction in this case arises under the Outer Continental Shelf Lands Act and federal

    question jurisdiction.



4.  Plaintiff contends that while working on the CXY Eugene Island 259B Platform located on

1

the Outer Continental Shelf off the coast of Louisiana he was severely injured when he tripped and fell on a steel stud which had been left on the deck of the platform by the employees of the defendant, L&L Sandblasting, Inc. Plaintiff further alleges that the defendant, CXY was negligent in failing to institute proper housekeeping/maintenance policy/procedures and is strictly liable for the collapse and/or ruin and/or breaking of the subject platform.

5.    a.    CXY contends that it was not at fault in contributing to plaintiff's accident of August 8, 1998. Plaintiff was proceeding across the top deck of the CXY platform and did not see a bolt on a deck. He slipped and landed on his back. It is believed that employees of someone other than CXY had apparently negligently left the bolt or stud on the deck and had not cleaned up after their operation on the platform. CXY was entitled to rely on the duties and obligations of its contractors to clean up after their work. CXY did not know of the existence of the stud or bolt nor had any reason to believe that the stud or bolt was on the deck which might have presented a hazard to the plaintiff. Plaintiff himself breached his own duty of care in failing to watch where he was going and in failing to observe what he should have observed.

    b.    Generally, L&L Sandblasting, Inc. contends that the facts alleged by plaintiff do not sufficiently establish negligence and/or fault on the part of L&L, its agents, or employees, in any respect under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.*, and/or under federal law, 28 U.S.C. §1331. L&L specifically denies that any of its equipment and/or employees for whom it were responsible caused plaintiff to trip and fall on the platform in question as he has alleged. L&L further denies that any of its equipment presented any dangers to plaintiff at any time

2

pertinent hereto, of which L&L knew, should have known or should have been aware of through the exercise of reasonable care. L&L contends, however, that if any of its equipment presented unsafe dangers to plaintiff as he has alleged, which L&L at all times denies herein, such dangers were open and obvious to plaintiff and he was fully aware and/or should have been apprised of the same through the exercise of reasonable care. Moreover, L&L contends that employees of someone other than L&L for whom L&L had no legal responsibility for, negligently left equipment on the platform's deck and had no cleaned up after conducting their operations on the platform. L&L also contests whether plaintiff suffered any injury as a result of his alleged incident. Specifically, L&L contends that plaintiff's alleged injuries either pre-existed or post dated the alleged incident in question. L&L further contends that plaintiff was comparatively at fault and/or negligent for his alleged incident and injuries in failing to watch where he was going and/or observe what he should have observed. Based on all of the foregoing, L&L denies plaintiff is entitled to receive any damages from L&L for his alleged incident and injury.

6.  a.  Plaintiff plans no amendments at this time; however, plaintiff reserves the right to amend should discovery dictate the addition of other parties or additional causes of action.

    b.  CXY reserves the right to amend its pleadings to assert potential causes of action against co-defendants or potential third party defendants.

    c.  L&L plans no amendments at this time; however, L&L reserves the right to amend its pleadings to assert potential causes of action against co-defendants or potential third party defendants.

7. a. Plaintiff anticipates that he will be able to stipulate the authenticity of documents produced by the parties in discovery, but none the less reserves the right to object should the necessity arise.

  b. CXY only agrees at this point in the litigation to stipulate to the authenticity of all documents produced by CXY in discovery.

  c. L&L anticipates that it will be able to stipulate to the authenticity of documents produced by the parties in discovery; nonetheless, L&L reserves the right to object should the necessity arise.

8. a. Plaintiff has retained no experts other than medical doctors in this case. These doctors have been identified in plaintiff's list of witnesses. Additionally, plaintiff will retain an economist, probably Melville Wolfson. Plaintiff may retain a platform safety expert but the identity of same has not as yet been determined.

  b. At this point in the litigation, CXY has not identified or engaged any expert witnesses. However, CXY does identify Ken Boudreaux, Dan Cliffe and Stuart Wood as defendant's economists, and also will name later on in the litigation a vocational rehabilitation counselor and possibly a safety/liability expert.

  c. L&L has not identified or engaged any expert witnesses at this stage of the litigation. L&L, however, will likely engage the services of an economist, a vocational rehabilitation counselor, and a safety/liability expert.

9. This case will not require a specialized discovery plan. At this point, plaintiff is in the process of responding to interrogatories propounded by L & L Sandblasting. In addition, counsel for CXY has requested dates on which to take the plaintiff's deposition.

10. **ALTERNATIVE DISPUTE RESOLUTION (ADR):**

A.     Counsel CERTIFY that their clients were given notice of the joint meeting and counsel obtained their clients' desires as to alternative dispute resolution.  Counsel further CERTIFY that at the joint meeting they discussed in good faith the feasibility of using alternative methods of dispute resolution, including mediation, arbitration, summary jury or bench trial, and/or a settlement conference with a Judge or Magistrate Judge. The parties agreed that the following ADR method will be pursued at the listed stage of litigation.

**TYPE OF ADR:**     **Non-Binding Mediation at a convenient date for all parties and/or a Settlement Conference with Magistrate Methvin at or near the completion of discovery.**

B.     Undersigned counsel would propose to notify the Court at the appropriate time subsequent to discovery to conduct a settlement conference with a Judge or Magistrate Judge with approval with all counsel of record.

C.     Not applicable.

D.     Not applicable.

11.     The following facts and legal issues are not in dispute:

1.     Jurisdiction and venue are not in dispute.

2.     CXY was the operator of the Eugene Island 259 "B" platform on the Outer Continental Shelf South of Louisiana.

3.     Plaintiff's alleged injury occurred on or about August 8, 1998.

12.     The major issues of fact and law in dispute are as follows (Defendants):

1.     The contributory negligence of plaintiff.

2.     The negligence of L & L Sandblasting Inc.

3.      The negligence of C & D Production Specialists Co., Inc.

4.      Contractual indemnity and insurance issues between the parties.

5.      The extent and scope of plaintiff's physical and mental condition.

6.      The extent and scope of plaintiff's ability to attend to work and gainful employment.

7.      The amount of damages due and owing to plaintiff.

8.      Borrowed servant/statutory employer/tort immunity of CXY.

9.      The negligence and/or strict liability of CXY.

10.     Whether plaintiff's alleged injuries and/or disabilities and/or losses pre-existed or postdated the date of his alleged incident and injuries.

13.     This will be a jury trial.

14.     Estimated time of trial is three to four court days.

15.     N/A

16.     N/A

17.     **Number of Documents:**

a.      Plaintiff estimates that the number of documents that he reasonably anticipates offering as evidence at trial is 20.  Plaintiff estimates that the number of document pages he will demonstrate or publish to the jury during the trial is 50.

b.      CXY initially estimates the number of documents it will offer as evidence at trial - - 50. CXY estimates the number of document pages each party reasonable anticipates it will demonstrate or publish to the jury during the trial - - 50.

c.      L&L initially estimates the number of documents it will offer as evidence at trial - - 50.  L&L estimates the number of document pages each party reasonable anticipates it will demonstrate or publish to the jury during the trial - - 50.

18.   **COMPUTER GENERATED EVIDENCE:**

a.   Plaintiff does not anticipate the use of computer generated evidence at this time.

b.   None at this time, but CXY reserves the right to present "computer generated evidence" at trial.

c.   L&L will likely utilize computer generated evidence at trial.

CERTIFICATION BY COUNSEL

I CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.

Kenneth W. Jacques, #7124
Attorney for the Plaintiffs
203 Carondelet Street, Suite 355
New Orleans, LA 70130
(504) 524-1954

Bruce R. Hoefer, Jr., # 69899
Attorney for CXY Energy, Inc.
601 Poydras Street, Suite 2490
New Orleans, LA 70130
(504)581-2606

Robert S. Hinyub, Jr., #24457
VOORHIES & LABBÉ
700 St. John Street
Post Office Box 3527
Lafayette, LA 70502
Attorney for L&L Sandblasting, Inc.

H. Edwin McGlasson
W. Gerald Gaudet‡
Richard D. Chappuis, Jr.
William M. Bass
John Nickerson Chappuis
Robert L. Ellender
Cyd Sheree Page
Robert M. Francez
Robert M. Kallam
Elizabeth L. Guglielmo†‡
Sam R. Aucoin
James A. Lochridge, Jr.

**Monroe Office**
1900 North 18th Street
Suite 801
Monroe, Louisiana 71201
(318) 325-6444
Facsimile (318) 323-7518

# VOORHIES & LABBÉ
A PROFESSIONAL LAW CORPORATION

1924-1999
*Celebrating 75 Years*

700 St. John Street
Post Office Box 3527
Lafayette, Louisiana 70502-3527
(337) 232-9700
Facsimile (337) 235-4943

Website: www.vola.com
Email: vl@vola.com

Lamont P. Domingue
Mary McCrory Hamilton
Simone C. Dupré
George J. Armbruster III
Julie A. Scheib
Brent P. Frederick
James P. Doherty, III
Robert S. Hinyub, Jr.
Kristen B. Menard
Jeremy A. Hebert

Of Counsel
John W. Hutchison

Bennett J. Voorhies (1901-1970)
Donald Labbé (1900-1966)
D. Mark Bienvenu (1931-1991)
Robert A. Lecky (1940-1998)

†Admitted to Practice in Georgia
‡Admitted to Practice in Texas

Writer's Email: rsh@vola.com

December 17, 1999

Honorable Catherine B. Carter
Deputy Clerk in Charge
USDC, Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

> **RE:**   Joel A. Morvant, et al v. L&L Sandblasting
> and CXY Energy, Inc.
> Civil Action No.  CV 99-1427-LO
> Our File No.: 00551-0585

Dear Ms. Carter:

Enclosed please find an original plus one copy of the Joint Status Report in the referenced matter.  Please file the original into the record and return the copy, stamped with the date and time of filing to my office for my files.

Thanking you in advance for your cooperation in this matter and, with kindest personal regards, I remain

Sincerely,

VOORHIES & LABBÉ

**ROBERT S. HINYUB, JR.**

RSH/kab/141365
cc:   Mr. Kenneth Jacques
      Mr. Bruce Hoefer