

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOEL A. MORVANT, SR., MONICA MORVANT, JOEL B. MORVANT, JR. and RIDGE N. MORVANT | CIVIL ACTION NO.: 99-1427 |
| VERSUS | ~~JUDGE SHAW~~ JUDGE MELANÇON |
| L & L SANDBLASTING, INC. And CXY ENERGY, INC. | MAGISTRATE JUDGE METHVIN |

## *COMPLAINT OF INTERVENTION*

**NOW INTO COURT**, through undersigned counsel, comes Louisiana Workers' Compensation Corporation ("LWCC"), a Louisiana corporation authorized to do and doing business in the State of Louisiana, appearing as intervenor in the above entitled and captioned cause, who, with respect represents that:

1.

As shown by the Plaintiffs' Complaint, it is claimed that on or about August 8, 1998, plaintiff, Joel A. Morvant, Sr. sustained accidental injuries and plaintiff complains that the named defendants, L & L Sandblasting, Inc. and CXY Energy, Inc., are liable for the injuries and damages which plaintiff sustained as a result of the accident.

2.

At the time of the August 8, 1998 incident, plaintiff, Joel A. Morvant, Sr., was in the course and scope of his employment with employer, C & D Production Specialist Co., Inc.

3.

At all pertinent times, Intervenor, LWCC had issued, and there was in full force and effect, a policy of workers' compensation insurance to and in favor of employer, C & D Production Specialist Co., Inc.



4.

As a result of the injuries sustained by plaintiff, LWCC has paid workers' compensation benefits including weekly and medical benefits to or on behalf of Joel A. Morvant, Sr.

5.

Pursuant to 33 U.S.C. 933 and/or LSA-R.S. 23:1101 - 1103 and 1162, and by virtue of the payments previously made, intervenor is subrogated legally to the rights of the plaintiff and is subrogated legally and contractually to the rights of Joel A. Morvant, Sr.'s employer, C & D Production Specialist Co., Inc., to the extent of the amounts paid by intervenor to and on behalf of plaintiff, and also to the extent of any additional amounts which intervenor may be presently obligated or might in the future become obligated to pay to or on behalf of plaintiff. Therefore, intervenor is entitled to intervene and is entitled to be paid such amount out of any damages which might be awarded to plaintiff, Joel A. Morvant, Sr., and against defendants, L & L Sandblasting, Inc. and CXY Energy, Inc., severally and *in solido* together with legal interest from the date of judicial demand until paid and any and all expenses.

6.

Intervenor's interest in the outcome of this suit is opposed to the plaintiff and defendants to the extent of payments made under the above described policy. In the event of any recovery by plaintiff in this matter, such recovery should be so apportioned in the judgment so that intervenor's claim for the amounts paid to or on behalf of the plaintiff, together with interest and costs, shall take precedence and priority over the claims of the plaintiff and a judgment should be rendered in intervenor's favor for such amount and a dollar for dollar credit received for any judgment rendered in excess, together with interest and cost.

7.

Alternatively, and only in the event that it be judicially determined that plaintiff, Joel A. Morvant, Sr., was not an employee of C & D Production Specialist Co., Inc. or was not otherwise entitled to all or a portion of the workers' compensation benefits paid to or on his behalf, intervenor, Louisiana Workers' Compensation Corporation, is entitled to recover from plaintiff the amounts paid to or on behalf of the plaintiff for payment of a thing not due and/or for unjust enrichment.

**WHEREFORE**, Intervenor prays that it be allowed to intervene, that it be allowed to serve a copy of the Complaint of Intervention on the plaintiff and on defendants; that, after due proceedings had, there be a judgment in favor of intervenor and against defendants and plaintiff in the amount of weekly benefits paid to Joel A. Morvant, Sr. with all other amounts which have been paid by intervenor, and which may be paid by intervenor, in the future including, but not limited to, the medical expenses paid to various medical providers on behalf of Joel A. Morvant, Sr.; that if plaintiff is successful in obtaining a judgment that there be judgment in favor of intervenor by preference and priority for the amount of recovery by plaintiff to the extent of all payments made under the policy; or, alternatively, that intervenor recover from plaintiff the amounts paid to or on behalf of the plaintiff for payment of a thing not due and/or for unjust enrichment; and that there be further judgment for any additional payments which have been made, and for interest, costs, and reasonable attorney's fees, all to be paid by preference and priority; and for any and all general and equitable relief allowed by this Honorable Court.

Respectfully submitted:

_____
Thomas C. Williams, Bar Roll No. 22690
**Egan, Johnson & Stiltner**
2237 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone:    (225) 231-0858
Facsimile:    (225) 231-0986
Counsel for Intervenor, Louisiana Workers'
Compensation Corporation

## CERTIFICATE

**I HISEBY CERTIFY** that a copy of the above and foregoing pleading has been served on counsel for all parties by placing same in the United States Mail, postage prepaid, properly addressed, this ____ day of _____ February _____, 2000.

_____
Thomas C. Williams