U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

APR 0 5 2000

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JOEL A. MORVANT, SR., MONICA MORVANT, JOEL A. MORVANT, JR., AND RIDGE M. MORVANT | * * * | CIVIL ACTION NO. 99-1427 |
| VERSUS | * | SECTION: L-O Judge Melancon Mag. Judge Methvin |
| L&L SANDBLASTING, INC., and CXY ENERGY, INC. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO CXY ENERGY INC. MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, CXY Energy Inc. (hereinafter "CXY"), seeks to have this Court dismiss plaintiff's claim against it alleging that plaintiff is its borrowed employee and that therefore it is not subject to a tort action by the plaintiff because plaintiff's only remedy against CXY is for workers' compensation.

Plaintiff submits that discovery in this case is on-going and that this motion is premature. The only deposition taken in this case relevant to the issues presented in this motion is the deposition of the plaintiff. There has been no deposition taken of any CXY representative and no deposition taken of any representative of C&D Production, Inc., the direct employer of the



plaintiff. Plaintiff would therefore request that the Court forego ruling on this motion, set a deadline for the accomplishment of discovery on this issue, and then consider the merits of CXY's defense.

On the merits of the motion plaintiff submits that there are sufficient issues of fact that justify denial of the motion, or, at the very least, a deferred ruling pending the completion of discovery.

Additionally, plaintiff would point out that the defendant seeks summary judgment based on an affirmative defense, an issue for which it ultimately bears the burden of proof. Summary judgment is appropriate only if " the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any," when viewed in the light most favorable to the nonmovant, " show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d. 202 (1986). All inferences are drawn from the evidence in the light most favorable to the nonmoving party. *Ins. Co. of North America v. Dealy,* 911 F. 2d 1096 (5th Cir. 1990).

The nine factors to be considered by the Court in determining borrowed servant status have long been established in this Circuit and are accurately set forth in CXY's memorandum. Plaintiff will not repeat the list hear, but will comment on those factor's he believes raise issues of fact which require the denial of the motion.

*Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?*

This question must be answered in the affirmative and the agreement is specifically set forth in Paragraph 3 of the Master Service Agreement between C&D and CXY, which contract is attached as an exhibit to defendant's motion. That contract provides that C&D is an independent contractor and that CXY would have " no power or authority to direct, supervise or control" employees of C&D. The same paragraph continues and provides that C&D was to select the means, manner and method of performance of such work. CXY suggests that the parties to the agreement have waived this provision. Plaintiff suggests that the parties have strictly adhered to this provision and have done exactly as the contract dictates.

Paragraph 1 of the contract indicates that the contract contemplates that from time to time CXY would request that C&D perform services for them. In accordance therewith CXY requested that C&D provide a production operator for them. In accordance with paragraph 3. C&D selected the means to fulfill this request, they supplied the plaintiff, Morvant. C&D further provided the "manner and method of performance." Specifically they supplied a worker who was trained and certified as a production operator. ( See deposition of plaintiff, pp. 36-39.) There is no evidence to suggest that CXY instructed the plaintiff in how to perform his job as a production operator. At most they told him where his services were needed, by moving him from one platform to another, and they required him to report the results of his work in a daily report, just as provided in paragraph 3 of the agreement, which states that the vendor(C&D) was

responsible to CXY for obtaining results.

The facts as set forth in plaintiff's deposition and as relied upon by the mover reveal that there was complete compliance with the provisions of the contact, not an implied waiver. Additionally, the contract itself, in paragraph 1, provides that the contract can only be amended *in writing* and CXY disclaims any unsigned amendments, alterations or modifications.

*Did the original employer terminate his relationship with the employee?*

This inquiry must be answered negatively. C&D not only continued to pay the plaintiff directly ( Morvant deposition pp.181-182) but, as previously pointed out, C&D continued to provide training and certification in crane operation and would have provided the re-certification as production operator when that came up for renewal.

*Who furnished tools and place of performance?*

Plaintiff grants that he performed his work on the defendant's platforms. Plaintiff described the tools required as " channel locks and a crescent wrench, pipe wrench" and testified that the pliers(channel locks) and wrench were his. (Morvant deposition p. 32.)

*Who had the obligation to pay the employee?*

Defendant admits that Morvant was paid by C&D, not by them. (See defendant's memorandum at p. 17.) They argue that because they had to approve the time sheets submitted by Morvant to C&D that the fact that he was paid by C&D should not deter this Court from finding borrowed servant status. The cases relied upon by the defendant, Capps v. N.L. Baroid-NL Industries, Inc., 784 F. 2d at 618 and Ryder v. Pool Offshore Co., 987 F. Supp. 943,946(E.D. La. 1997) apparently require that there be evidence to show that the alleged borrowing employer pays the lending employer the hourly rate for that employee. There is no such evidence presented in this motion.

## CONCLUSION

Plaintiff respectfully submits that because of incomplete discovery on the issue presented and the factors above discussed that weigh in favor of the denial of this motion, the motion should be denied.

Respectfully submitted

Kenneth W. Jacques #7214
203 Carondelet Street, #355
New Orleans, LA 70130
Attorney for plaintiff
504-524-1954

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __31st__ day of __March__, 2000 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____