# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

JOEL A. MORVANT, SR.                          CIVIL ACTION NO. 99-1427
MONICA MORVANT
  *Individually and o/b/o Joel A. Morvant, Jr.*      JUDGE MELANÇON
   *& Ridge M. Morvant*
                                              MAGISTRATE JUDGE METHVIN
VS.

L&L SANDBLASTING, INC.
  *Defendant and Third-Party Plaintiff*
LOUISIANA INSURANCE GUARANTEE ASSOC.
  f/k/a Legion Insurance Co.
LOUISIANA WORKERS COMPENSATION CORP.
  *Intervenor-Plaintiff*


CAPITAL ONE INS. AGENCY, INC.
J. DALE GAULT
HIBERNIA INS. AGENCY, L.L.C.
ROBERT M. HODGE
ROSENTHAL AGENCY, INC.
TOWER ACQUISITION CO., L.L.C.
  *Third-Party Defendants*

## REPORT AND RECOMMENDATION
### *(Rec. Doc. 86)*

Before the court is a motion to dismiss filed on May 9, 2007, by third-party defendants

pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.[1]  Defendant and third-party plaintiff

L&L Sandblasting, Inc. ("L&L") opposes the motion,[2] and movers have filed a reply brief.[3]  For

the following reasons, **IT IS RECOMMENDED** that the motion be **GRANTED.**

---

[1] Rec. Doc. 86.

[2] Rec. Doc. 88.

[3] Rec. Doc. 93.

2

### *Factual Background and Procedural History*

Plaintiffs filed suit in this court on August 6, 1999, under the Outer Continental Shelf Lands Act, 43 U.S.C. 1331, *et seq*. and 18 U.S.C. 1331, federal question jurisdiction.  Made defendants were L&L Sandblasting, Inc. and CXY Energy, Inc. Plaintiffs moved to dismiss their claims against CXY Energy, Inc., and dismissal was granted on May 3, 2000,[4] leaving L&L as the sole defendant.

Plaintiff Joel A. Morvant, Sr. contends that on August 8, 1998, while working for C&B Production Specialists, Inc., aboard the CXY Eugene Island 259-B Platform, he tripped and fell on a steed stud that came from a paint basket belonging to defendant L&L, and which was improperly left loose on the deck of the platform.

On March 15, 2007, L&L filed a third-party complaint emanating from the insolvency of L&L's commercial general liability insurer for the period in question, Legion Insurance Company.  L&L seeks indemnity and/or contribution against the insurance agents which placed the policy, Rosenthal Agency, Inc. and J. Dale Gault, L.L.C., and their successors, Hibernia Insurance Agency, Capital One Insurance Agency, Inc., and Tower Acquisition Company, L.L.C. , in the event any judgment is rendered against L&L in the principal demand.

L&L contends that third-party defendants are liable for failing to notify L&L that Legion was a surplus line carrier not covered by the Louisiana Guaranty Association Fund.

Specifically, L&L contends as follows:

1.    that at the time of the injury to Morvant, L&L's insurer for commercial liability was Legion Insurance Company;

---

[4] Rec. Doc. 32.

3

2.      that the Legion policy was purchased by L&L on November 1, 1997;

3.      that the purchase of the Legion policy for the time period of November 1, 1997 through November 1, 1998 was handled by the Rosenthal Agency, Inc. and J. Dale Gault;

4.      that at no time prior to or after the purchase of the coverage was L&L aware that the coverage in question was purchased from a surplus line carrier not covered by the Louisiana Guaranty Association Fund in the event of insolvency;

5.      that the policy delivered to L&L by Rosenthal and Gault did not contain appropriate notice required by Louisiana law that the policy was a surplus line;

6.      that said failure constituted a breach of duty by Gault and Rosenthal to L&L;

7.      that Legion Insurance Company had an order of rehabilitation entered on March 28, 2002, declaring Legion to be in rehabilitation and insolvent; and

8.      that Rosenthal was merged into Hibernia Insurance Agency, L.L.C and/or Tower Acquisition Company, or alternatively, that at some point after September 2001, Capital One Insurance Agency became a successor to the Rosenthal Agency and that Hibernia and/or Tower and/or Capital One were legally and contractually liable for the negligence of Rosenthal and/or Gault.

Movers seek dismissal of the claims against them on grounds that they are perempted under the provisions of La. Rev. Stat. §9:5606.

### Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000), citing Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir.1982).  Such motion "may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  Meadowbriar Home For Children, Inc. v. G.B. Gunn, et al., 81 F.3d 521, 529 (5th Cir. 1996), citing Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995).  The district court must take the factual allegations of the

4

complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  Jefferson v. Lead Industries Ass'n., Inc., 106 F.3d 1245, 1250 (5th Cir. 1996), citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993); Meadowbriar, 81 F.3d at 529; La Porte Constr. Co. v. Bayshore Nat'l. Bank, 805 F.2d 1254, 1255 (5th Cir. 1996).  The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).

### Law and Analysis

The undersigned has read and considered all the briefs.  The issue before the court is whether the claims asserted by L&L against movers are perempted.

La. Rev. Stat. §9:5606 establishes peremptive periods for contract and tort actions brought against insurance agents.  Sections (A) and (D) of the statute state as follows:

> (A) No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.*
>
>  * * *
>
> D. *The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.*

La. Rev. Stat. §9:5606(A) & (D) (emphasis added).

5

Section D of the statute was added in 1999, when the Louisiana legislature amended the statute to expressly provide that the one- and three-year periods of limitation set forth in the statute are peremptive.  Acts 1999, No. 905, §1.  In comments to the statute, the legislature clarified that the amendment was intended to clarify existing law and to be remedial in nature. Acts 1999, No. 905, §2.

In the instant case, the Legion policy of insurance was purchased by L&L on November 1, 1997.  The third-party demand against movers was filed on March 15, 2007, more than nine and a half years after the purchase of the policy.

Both movers and respondents agree that the most comprehensive case addressing the interpretation of §9:5606 is Huffman v. Goodman, 784 So.2d 718(La. App. 2d Cir. 2001), *writ denied*, 794 So.2d 791 (La. 6/22/01).  In Huffman, a defendant employer was sued over an automobile accident involving its delivery driver.  The employer and its insurer brought cross-claims and third-party demands against the insurance broker that allegedly failed to procure hired and non-owned automobile coverage for the employer.  The court held that the three-year peremption period to bring claims against the broker began to run on the date the erroneous insurance binder was issued, and that, because the employer filed the claim against the broker more than three years after the accident in question, the claim against the broker was extinguished.

The Huffman court specifically rejected two arguments urged by L&L in this case.  First, the court noted that even though the 1999 amendment to §9:5606 post-dated the events on which the underlying action was based in that case, the amendment was nevertheless applicable, stating:

6

> Even though the amendment post dates the events on which the underlying action is based, the amendment was intended to clarify existing law and to be remedial in nature. Acts 1999, No. 905, § 2. La. C.C. art. 6 provides that interpretive laws apply both prospectively and retroactively; therefore, the amendment is applicable to the present case.

784 So.2d at 724 n.6.

In light of the holding in <u>Huffman</u>, L&L's argument that the 1999 amendment of §9:5606 is not applicable in this case because it occurred after the insurance policy was issued is without merit.

Second, the <u>Huffman</u> case expressly holds that §9:5606 applies to claims for indemnification. Accordingly, L&L's argument that its right to indemnity and contribution cannot prescribe before those rights have vested is also without merit.  With regard to this issue, the <u>Huffman</u> court noted:

> We have not been presented with, nor can we conceive of, a persuasive argument why we should not apply the statute according to its terms to claims of indemnification. Subsection A of 9:5606 provides that the limitation period applies to all "action[s] for damages" against insurance agencies.  An indemnification claim is a claim for damages. *Lombardo v. Deshotel*, 94-1172 (La. 11/30/94); 647 So.2d 1086; *Life Investors Insurance Company Of America v. John R. Young Chevrolet, Inc.*, 98-1562 (La. App. 3d Cir.3/3/99), 730 So.2d 519, *writ denied*, 99-1443 (La. 9/3/99), 747 So.2d 545.  The legislature did not make exception for claims of indemnification and we decline to create such an exception. We are cognizant of the fact that a party may not be able to *quantify* its indemnification claim until judgment is rendered against it.  This, however, does not preclude the party's assertion of that claim prior to being cast in judgment.  So long as the right has been exercised and so long as the action is pending, the lapse of the period of peremption does not extinguish the right.  See Revision Comment (c) to La. C.C. art. 3461.

784 So.2d at 729.

Considering the foregoing, the undersigned concludes that L&L's argument  that §9:5606 is inapplicable in this case because the third-party demand against it is one for indemnification is without merit.

7

The undersigned notes that the only exception contained in §9:5606 is Subsection (C), which states that the peremptive period set forth in Subsection (A) does not apply to cases involving fraud.  As L&L acknowledges in its own brief, fraud has not been pled in this case.

In the instant case, the Legion policy was issued by L&L on November 1, 1997.  Thus, the act, omission, or neglect that started the running of peremption under §9:5606 occurred on November 1, 1997, the date the policy was purchased.  *See, e.g.*, <u>Dobson v. Allstate Ins. Co.</u>, 2006 WL 2078423, *6 (E.D. La. 2006) ("the wrongful acts alleged against Eaves occurred in 1989, when plaintiff purchased her policy.  Subsequent renewals of insurance policies do not restart the prescriptive period on torts committed at the time of initial purchase.").  L&L did not file claims against movers until March 15, 2007, more than nine and a half years later.

L&L contends that "the peremptive period begins to run when the injured party has *constructive knowledge* of facts that would entitle him to bring suit," citing <u>Dobson</u>, *supra*.[5] However, the statute by its own terms addresses this issue.  As noted above,  La. Rev. Stat. §9:5606(A) provides for a one-year period to file a claim *"from the date that the alleged act, omission, or neglect is discovered or should have been discovered."*  However, even when a claim is timely filed under this provision, it is perempted if not filed within the alternative three-year period.  The statute explicitly states that "*[i]n all events, such action shall be filed at the latest within three years from the date of the alleged accident, omission or neglect."*

As noted above, the Legion policy of insurance was purchased by L&L on November 1, 1997, and the third-party demand against movers was filed on March 15, 2007, more than nine and a half years later.  Accordingly, under the applicable law, L&L's claim is perempted.

_____

[5] Memorandum in Opposition, Rec. Doc. 88-1, p. 3 (emphasis supplied).

8

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that movers' motion to dismiss be **GRANTED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on July 19, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)