UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JOEL A. MORVANT, ET AL | * | CASE NO. 99-1427, SEC. L-O |
| | * | |
| VS | * | MAGISTRATE METHVIN |
| | * | |
| L & L SANDBLASTING, INC., ET AL | * | JUDGE TUCKER L. MELANCON |

**MEMORANDUM ON BEHALF OF L & L SANDBLASTING, INC.
IN OPPOSITION TO MOTION OF DISMISSAL FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
<u>FILED BY ROBERT HODGE</u>**

MAY IT PLEASE THE COURT:

The Third Party Defendants have filed a Motion under Federal Rule of Civil Procedure 12(B)(6) to dismiss the claims asserted by L & L Sandblasting as Third Party Plaintiff based on the Louisiana peremptive periods set out in Louisiana R.S. 9:5605. A Motion to Dismiss filed under Federal Rule of Civil Procedure 12(B)(6) is viewed with disfavor and is rarely granted, see <u>Gregson v. Zurich American Insurance Company</u>, 322 Fd.3rd 883 (U.S.C.A. 5th Cir. 2003); <u>Kaiser Aluminum and Chemical Sales v. Avondale Shipyard</u>, 677 Fd.2d 1045 (U.S.C.A. 5th Cir. 1982). The jurisprudence cited above and its progeny holds that a Rule 12(B)(6) Motion to Dismiss effectively admits to all of the properly pleaded factual allegations of the complaint and will not be granted unless it is clear that the party against whom the motion is filed (in this case L & L Sandblasting, Inc.) can prove no set of facts in support of its claim, which would entitle it to relief. The court should accept as

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

true the well pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff and accept as true both the allegations of the complainant and any reasonable inferences that may be drawn there from, see <u>Tuchman v. DSC Communications Corporation</u>, 14 Fd.3rd 1061 (U.S.C.A. 5, 1994). If the examination of the evidence is inconclusive, then the issue must be resolved in favor of the non-moving party, see <u>Botnick v. Vigilant Insurance Company</u>, 2006 W. 2947912 (E.D. Louisiana).

In the instant case, counsel seeks a dismissal of any and all claims against Robert Hodge based on the most favorable interpretation of the pleadings of L & L. The basis for urging the dismissal is the prescriptive period set out in Louisiana R.S. 9:5605. L & L has alleged in its third party demand that if the cause of action asserted against The Rosenthal Agency, et al had prescribed, then in that event its attorney during the pertinent time periods, Robert Hodge, was responsible for failing to assert the claim against The Rosenthal Agency, et al.

Specifically, the pleadings state as an alternative that "once a third party plaintiff was notified of the insolvency of Legion in this matter, third party defendant Robert M. Hodge enrolled as counsel for L & L Sandblasting and at all times after the notification by the Louisiana Insurance Guaranty Association Fund that Legion was a surplus line insurer not covered by the Fund, that Robert M. Hodge, as attorney for L & L Sandblasting, knew or should have known of the failure of Legion and The Rosenthal Agency to comply with their duties under Louisiana law in the issuance of the policy and their failure to advise L & L Sandblasting that said coverage was being issued by a surplus line carrier".

With regard to this alternative claim against Robert Hodge, the pertinent issue to be determined is when did the prescriptive period set out in 9:5605 begin to run? There is ample

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

2

jurisprudence subsequent to the Reeder case that the prescriptive period begins to run when L & L knew or should have known the existence of facts that would have enabled it to state a cause of action for legal malpractice, see Turnbull v. Thensted, 757 So.2d 145; Jeansonne v. Attorneys Liability Assurance Society, 891 So.2d 721. Based on the pleadings, when did L & L acquire knowledge or facts that would place a reasonable man on notice that a claim could have been made against the insurance agency, Rosenthal, for failure to properly notify L & L of the fact that the policy purchased was issued by Legion Indemnity Insurance Company, a non-admitted carrier, rather than Legion Insurance Company, an admitted carrier? Further, if the actions of Rosenthal constitute fraud as defined in Civil Code Article 1953, then the peremptive periods set out in Louisiana R.S. 9:5606 would not have applied, see 9:5606(cc). As the court can see from the documents and attachments filed in opposition to the Motion to Dismiss by The Rosenthal Agency, the third party demand did not assert any claims with regard to the possible fraud of The Rosenthal Agency, of which there is at least a factual basis based on the attachments to L & L's Opposition to the Motion to Dismiss, see Rec. Doc. No. 88.

In the Jeansonne case, decided subsequent to Reeder, the court states, "In the case sub-judice, prescription did not begin to run until the damage was sustained... In order for the prescriptive period to commence, Mr. Jeansonne must be able to state a cause of action, both a wrongful act committed by the attorney who represented him and a result of damage from that wrongful act." See Jeansonne, page 728.

Counsel recognizes that this language appears to be contrary to the Reeder decision but it is a post-Reeder decision dealing with similar facts and writs were denied by the Louisiana Supreme Court, see 896 So.2d 1043 (La. Sup. Ct.). There are other post-Reeder

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

3

cases which apply a similar test or use similar language to resolve the issue of when do the peremptive periods of 9:5605 begin to run, see <u>Grunblatt v. Beevers</u>, 806 So.2d 785 (La. App. 5th Cir. 2001); <u>Academy Mortgage Company, L.L.C. v. Juarez</u>, 740 So.2d 708 (La. App. 5th Cir. 1999).

Further, in the case of <u>Atlas Iron and Metal Company v. Ashy</u>, 918 So.2d 1205 (La. App. 3rd Cir. 2006), the court, at page 1212, acknowledges that Louisiana R.S. 9:5605 does state that one must have damages in order to meet the eligibility criteria for the application of the statute, even though the statute does not specify that a client must incur complete, final and definitive damages before the claim of malpractice can be filed.  Again, based on the attachments to L & L's Opposition to the 12(b)6 Motion of The Rosenthal Agency, Rec. Doc. No. 88, there is obviously a factual question as to when Hodge or L & L became aware of the fact that the insurer of L & L, Legion Indemnity Company, was a non-admitted carrier, (see Exhibit 1 and Exhibit 2 attached to Rec. Doc. 88, which are not attached hereto to avoid repetition).

The federal district courts have also considered the peremptory nature of 9:5605 and in discussing the issue before the court on a Motion for Summary Judgment post-<u>Reeder</u> have found genuine factual issues as to when the peremptive period contained in 9:5605 began to run against an attorney, see <u>Stanley v. Trinchard</u>, 2005 WL 2037543.  While the results in that cases were not favorable to the plaintiffs, the court at page 7 clearly ruled in plaintiff's favor on the  issue presented herein, which is the inception date for the acts of negligence which begin the peremptive periods set out in Louisiana R.S. 9:5605.

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

Counsel for L & L respectfully submits that the question of when the peremptive period of one year and/or three years begins to run cannot be determined on the basis of the pleadings without at least evidence being introduced with regard to this matter.

Further, as stated in the Memorandum in Opposition to the Motion for Summary Judgment of Rosenthal and the attachments, Rec. Doc. No. 88, there may exist the factual basis for a fraud claim which would have extended the prescriptive period against Rosenthal beyond the one year and three years contained in 9:5606 and those matters also need to be decided after adducing some evidence and cannot be decided solely on the pleadings. \

Clearly, since the decision of Judge Melancon with regard to the 12(b)6 Motion of The Rosenthal Agency, Rec. Doc. 101, denied plaintiff's request that the Motion to Dismiss be held in abeyance pending discovery on the issue of fraud, the failure of Robert Hodge to explore the factual basis for such a claim in a timely manner constitutes valid grounds to deny the Motion to Dismiss and based on Exhibit 3 attached to Rec. Doc. 88, there clearly existed at the time of Mr. Hodge's representation grounds to explore the possibility that L & L had been misled into believing that its insurer was Legion Insurance Company (an admitted carrier), as opposed to Legion Indemnity Company (a nonadmitted carrier).

Counsel for Hodge also argues that, because the court has determined as the law of the case that the prescriptive period for L & L's claim against Rosenthal had prescribed before Hodge became the attorney for L & L, that this fact alone prevents L & L from succeeding in its claim of legal malpractice. Again, this matter is before the court on Hodge's 12(b)6 Motion to Dismiss, not a Motion for Summary Judgment and all of the inferences are in favor of L & L with regard to this matter. A similar argument was made by the defendants in the case of <u>Argonaut Great Central Insurance Company v. Hammett</u>, 887 So.2d 704 (La. App. 2nd

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

5

Cir. 2004). In that case, the defendant argued that there was no valid claim for legal malpractice because the third party claim under 9:5606 against the insurance agent had prescribed before the defendants were hired as third party plaintiff's counsel. This was the matter raised by Motion for Summary Judgment and the Second Circuit Court of Appeal overruled the trial court on this issue, deciding that the one year peremptive period commences on the date the plaintiff discovered or should have discovered the alleged act, omission or neglect and, based on affidavits and deposition testimony, the court found that it could not conclude as a matter of law that there was constructive knowledge on the part of Argonaut at the time that the defendant was hired as Argonaut's counsel in 1997. Mr. Hodge's Motion is an attempt to resolve the instant case on the pleadings via Rule 12(b)6 Motion of Dismissal and clearly the rationale set out in the <u>Argonaut</u> case would apply in the instant case, and, without at least the examination of the factual issues (including perhaps credibility calls and the weighing of conflicting evidence), a Motion to Dismiss is not appropriate at this time.

If the state law is inconclusive or ambiguous, then under the <u>Dobson</u> case cited above, ambiguities in state law are to be resolved in favor of L & L as a non-moving party with regard to this 12(b)6 Motion for Dismissal, see <u>Dobson v. Allstate</u>, 2006 WL 2078423. It is submitted that the inception or starting period for the peremptive periods provided in Louisiana R.S. 9:5605 is ambiguous under state law when the court considers the post-<u>Reeder</u> decisions cited herein.

The Louisiana Supreme Court, in a post-<u>Reeder</u> decision, <u>Carter v. Haygood</u>, 892 So.2d 1261 (La. Sup. Ct. 2005) involving dental malpractice and the Louisiana Medical Malpractice Prescription Statute, Louisiana R.S. 9:5628, applied the doctrine of "contra non

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

6

valentum" to the three year peremptive period contained in that statute which reads remarkably similar to Louisiana R.S. 9:5605. The <u>Carter</u> case discusses the four instances in which the contra non valentum doctrine is applied. While the <u>Carter</u> case dealt with an instance where the debtor himself has done some act to effectively prevent the creditor from availing himself of his cause of action, in the instant case, L & L would seek to apply the doctrine in a case where the cause of action is not known or reasonably known of by the claimant, even though this ignorance is not induced by a party to the litigation. Counsel submits that the application of contra non valentum to the facts of the third party demand asserted by L & L Sandblasting would result in a denial of the relief sought by Hodge herein. Counsel further suggests that L & L's reliance on contra non valentum is particularly relevant in this case wherein the defendant, L & L Sandblasting, is seeking contribution and/or indemnity from Hodge for claims asserted against it by Joel Morvant which are still being contested. The courts have continued to apply contra non valentum to claims arising under the Medical Malpractice Act, see <u>Carter v. Haygood</u>, 892 So.2s 1261 (La. Sup. Ct. 2005) and the cases cited therein, and also <u>In Re: Medical Malpractice Review Panel, Proceedings in Matter of Stephanie Noe</u>, 2007 WL 1471960 (La. Sup. Ct. 2007), and the cases cited therein.

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

In conclusion, it is respectfully submitted that the Motion to Dismiss filed herein by Robert Hodge as the Third Party Defendant should be denied for the reasons set out in this brief.

Respectfully submitted,
ATTORNEYS FOR THIRD PARTY PLAINTIFF,
L & L SANDBLASTING, INC.
PUCHEU, PUCHEU & ROBINSON

BY: _____
Jacque B. Pucheu, Jr.
Post Office Box 1109
Eunice, Louisiana 70535-1109
(337) 457-9075
Bar Roll No. 10803

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, a copy of the foregoing Memorandum On Behalf of L & L Sandblasting, Inc. In Opposition to Motion of Dismissal for Failure to State A Claim Upon Which Relief Can Be Granted was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Jacque B. Pucheu, Jr.*
Jacque B. Pucheu, Jr.
Attorney for Third Party Plaintiff
Pucheu, Pucheu & Robinson, L.L.P.
Post Office Box 1109
Eunice, LA  70535-1109
Phone:  (337) 457-9075
Fax:      (337) 457-4858
Email:  jacque@pprlaw.com

Pucheu, Pucheu & Robinson, L.L.P.
Attorneys at Law
106 Park Avenue
P.O. Box 1109
Eunice, Louisiana
70535-1109

9